UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES J. FARLEY,

       Plaintiff,

vs.

COUNTRY COACH, INC.,                        Case No. 05-CV-71623
                                                 HON. GEORGE CARAM STEEH
       Defendant/
       Third Party Plaintiff,

vs.

TECHNOLOGY RESEARCH CORPORATION,

       Third Party Defendant.

_____/

ORDER GRANTING IN PART THIRD PARTY DEFENDANT TRC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (#19), GRANTING COUNTRY COACH
LEAVE TO FILE A NOTICE OF NON-PARTY FAULT UNDER M.C.R. 2.112(K),
AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT
ADDING DIRECT CLAIMS AGAINST TRC

Third party defendant Technology Research Corporation ("TRC") moves for partial summary judgment of third party plaintiff Country Coach, Inc's third party claims of statutory and common law contribution, breach of implied warranty, liability under the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq., and revocation of acceptance. A hearing was held on March 8, 2006.

## I. Background

Plaintiff Charles Farley filed a complaint on April 25, 2005 alleging that he purchased a motor home on August 28, 2003 manufactured and sold by defendant Country Coach. Plaintiff alleges the motor home has a defective electrical system, a sagging floor, and noxious fuel-fume leaks into the cabin. Plaintiff alleges breach of warranties and violations

of the MMWA against Country Coach. Country Coach filed a third party complaint against TRC on August 15, 2005 alleging Country Coach purchased a faulty electrical transfer switch from TRC, which was installed into plaintiff's vehicle. Country Coach alleges TRC is liable for statutory and common law indemnity (Count I); statutory and common law contribution (Count II); breach of express warranty (Count III); breach of implied warranties (Count IV); violation of the federal MMWA as "towards" plaintiff and Country Coach (Count V); and revocation of acceptance (Count VI). TRC moves for partial summary judgment of Counts II, IV, V and VI.

## II.  Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to [the fact-finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue

for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).

### A. Choice of Law

The parties agreed at the hearing that Michigan law applies. The court proceeds accordingly.

### B. Contribution (Count II)

At the outset, TRC first argues, and Country Coach concedes, that there is no common law right to contribution in Michigan. See Hastings Mutual Ins. Co. v. State Farm Ins. Co., 177 Mich. App. 428, 437, 442 N.W.2d 684 (1989) (recognizing that contribution is controlled entirely by statute). TRC is entitled to summary judgment of Country Coach's third party claim for common law contribution as a matter of law. Amway Distributors, 323 F.3d at 390.

With respect to Country Coach's third party claim for statutory contribution, Country Coach agreed to dismiss the claim without prejudice in favor of the court granting Country Coach leave to file a notice of non-party fault under M.C.R. 2.112(K)[1], notifying plaintiff Farley that TRC is wholly or partly at fault. The parties agreed to this disposition, with a further stipulation that plaintiff would be granted leave for 14 days following Country Coach's filing of the notice of non-party fault to file an amended complaint to add direct claims against TRC. TRC is entitled to the dismissal of Country Coach's statutory contribution third party claim, without prejudice, pursuant to the parties' agreement as stated on the record.

---

[1] "A party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault. A notice filed by one party identifying a particular nonparty serves as notice by all parties as to that nonparty." M.C.R. 2.112(K)(3)(a).

3

## C. MMWA (Count V)

As TRC argues, the MMWA only applies to "consumers," and not as between "merchants" or "commercial purchasers." See 15 U.S.C. § 2301(1) (defining a "consumer product" as "normally used for personal, family, or household purposes"), and 15 U.S.C. § 2301(3) (defining a "consumer" as a "buyer (other than for purposes of resale) of any 'consumer product'"). Whether a product is a "consumer product" involves a determination of the product's "common, ordinary or usual use and focuses on the class-wide use of the product." Business Modeling Techniques, Inc. v. GMC, 474 N.Y.S.2d 258, 261,123 Misc.2d 605 (1985). A retailer buying consumer products for resale to a consumer may not recover under the MMWA as a "consumer." Black v. Don Schmidt Motor, Inc., 232 Kan. 458, 477, 657 P.2d 517 (1983) (finding defendant used-car dealer which sold defective vehicle to consumer could not recover on third-party MMWA claim against car manufacturer). Country Coach's argument that it pleaded the MMWA third party claim as an alternative to indemnity or contribution does not displace the undisputable fact that TRC's electrical switch was sold to Country Coach for the specific purpose of Country Coach installing the component into a motor home and reselling the motor home (and the component) to a consumer. TRC is entitled to summary judgment of Country Coach's MMWA third party claim as a matter of law because Country Coach is not a "consumer" protected by the MMWA, nor is the subject electrical transfer switch a "consumer product" as contemplated by the MMWA. 5 U.S.C. § 2301(1), (3); Amway Distributors, 323 F.3d at 390.

## D. Revocation of Acceptance (Count VI)

TRC argues Country Coach did not revoke acceptance of the allegedly defective electrical transfer switch "within a reasonable time" after Country Coach discovered or

4

should have discovered the defect, nor "before any substantial change in the condition of the" electrical transfer switch occurred, citing M.C.L. § 440.2608(2). TRC also argues it did not receive "effective notice" of revocation. Country Coach responds that it timely notified TRC of revocation after this lawsuit was filed on April 25, 2005, when Country Coach first learned of the defective part.

Plaintiff Farley allegedly purchased the motor home at issue on August 28, 2003. Consequently, Country Coach installed TRC's electrical transfer switch into the vehicle sometime before August 28, 2003. Revocation of acceptance in not available to a component buyer as against the component seller where the buyer installed the component in its product, sold the product to a customer, and the customer used the product for an extended period of time because the installation, sale and use of the component constitutes a "substantial change in the condition of the goods" under M.C.L. § 440.2608(2). See Eaton Corp. v. Magnavox Co., 581 F.Supp. 1541 (E.D. Mich. 1984) (citing United States v. Crawford, 443 F.2d 611 (5th Cir. 1971)). Country Coach's third party claim seeking revocation of acceptance of TRC's electrical transfer switch, installed into plaintiff's vehicle prior to August 28, 2003, is without merit because there has been a substantial change to the condition of the component since Country Coach's acceptance of the part. M.C.L. § 440.2608(2); Eaton Corp., 581 F.Supp. 1541. TRC is entitled to summary judgment of Country Coach's third party claim for revocation of acceptance as a matter of law. Amway Distributors, 323 F.3d at 390.

### E. Implied Warranty (Count IV)

TRC argues the written warranty it provided Country Coach conspicuously excluded all implied warranties:

**Sole Warranty**

5

> This warranty contains the sole warranty of TRC, there are no other warranties express or, <u>except as required by law in the State of Florida</u>, implied, including implied warranty or condition of quality, merchantability or fitness for a particular purpose, and such implied warranties, if any, are limited in duration to the term of this warranty.  Some states do not allow limitations on how long an implied warranty lasts.

(emphasis added).   Country Coach responds that this language is not "conspicuous," and even if it is, the language does not exclude implied warranties, but instead limits all implied warranties only in duration.

Under Michigan's version of the Uniform Commercial Code ("UCC"), "conspicuous" is defined at M.C.L. § 440.1201(10):

> "Conspicuous": A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: non-negotiable bill of lading) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. But in a telegram any stated term is "conspicuous". Whether a term or clause is "conspicuous" or not is for decision by the court.

M.C.L. § 440.2316(3)(a) of the UCC provides that "unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is', 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty."  Whether a waiver is conspicuous under the UCC is a question of law for the court to decide.  <u>Krupp PM Engineering, Inc., v. Honeywell, Inc.</u>, 209 Mich. App. 104, 108, 530 N.W.2d 146 (1995).

The term "**Sole Warranty**," while not in capital letters, is in bold letters, drawing a readers' attention to a paragraph that will address the substance of a sole or single warranty.  The paragraph is not, as in <u>Hensley v. Colonial Dodge</u>, 69 Mich. App. 597, 603, 245 N.W.2d 142 (1976), set forth on the reverse side of TRC's "**Warranty Information**" sheet, nor is the "**Sole Warranty**" clause or the "**Warranty Information**" sheet alleged to have been presented in an inconspicuous manner, as in <u>Mallory v. Conida Warehouses</u>,

6

Inc., 134 Mich. App. 28, 31, 350 N.W.2d 825 (1984) (tag containing warranty information attached to two other tags at the bottom of bag of the goods, being seeds).  Hensley and Mallory are distinguishable on their facts.

As argued by Country Coach, the language in the body of the "**Sole Warranty**" clause is not presumably conspicuous under M.C.L. § 440.1201(10) because it is not "in larger or other contrasting type or color" than the other language in the "**Warranty Information**" sheet.  Whether a reasonable person would have noticed the clause under the circumstances of this case, thus making the clause "conspicuous" for purposes of M.C.L. § 440.1201(10), appears, however, to turn upon the course of dealing and usage of trade as between TRC and Country Coach.

> (1) A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.
>
> (2) A usage of trade is any practice or method of dealing having such regularity of observance in a place, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question. The existence and scope of such a usage are to be proved as facts. If it is established that such a usage is embodied in a written trade code or similar writing the interpretation of the writing is for the court.
>
> (3) A course of dealing between parties and any usage of trade in the vocation or trade in which they are engaged or of which they are or should be aware give particular meaning to and supplement or qualify terms of an agreement.
>
> (4) The express terms of an agreement and an applicable course of dealing or usage of trade shall be construed wherever reasonable as consistent with each other; but when such construction is unreasonable express terms control both course of dealing and usage of trade and course of dealing controls usage of trade.

M.C.L. § 440.1205(1)-(4) (emphasis added).  See also M.C.L. § 440.2316(3)(c) ("[A]n implied warranty can also be excluded or modified by course of dealing or course of

performance or usage of trade").

Absent factual development as to TRC's and Country Coach's course of dealing and usage of trade, the court is not prepared to rule on this limited record whether or not the "**Sole Warranty**" heading and body of the clause were conspicuous for purposes of M.C.L. § 440.1201(10). Both parties are "merchants," running established businesses. The court has not been apprised as to the number of electric transfer switches Country Coach has purchased from TRC, the number of years the two have been doing business together, and whether TRC has been previously sued by Country Coach on a theory of implied warranty. The court awaits further factual development before ruling on the issue of whether the "**Sole Warranty**" clause is enforceable as "conspicuous."

Assuming for purposes of this motion only that the "**Sole Warranty**" clause is "conspicuous," the court is not persuaded that the language of the clause necessarily "makes plain that there is no implied warranty." M.C.L. § 440.2316(3)(a). As the court indicated at the hearing, the clause could be read to mean that the implied warranties created under Florida law were added as contractual terms under the "**Warranty Information**" sheet. TRC argues that the Florida implied warranties apply only if the nature of the transaction requires an application of Florida law, whereas Country Coach argues that implied warranties were not waived to the extent they are available in Florida, and that "such warranties" are only limited in duration. The language of the clause is controlling "unless the circumstances indicate otherwise." M.C.L. § 440.2316(3)(a). As with the parties arguments regarding the conspicuousness of the heading and clause, the court declines to rule on the plain meaning of the clause at this time in deference to factual development as to the parties' course of dealing and usage of trade, as well as any other relevant "circumstances." M.C.L. § 440.2316(3)(a). TRC's motion for summary judgment

of Country Coach's third party claims of breach of implied warranties will be denied pending further development, there remaining of genuinely disputed material issues of fact.

Country Coach's remaining arguments - that the attempted waiver of warranties violates the MMWA, and that TRC has failed to produce a "contract" as the term is used in M.C.L. § 440.2315[2] - are without merit. As ruled upon by the court herein, Country Coach's purchase of the electrical transfer switch from TRC is not covered by the MMWA. There is also no genuine dispute that Country Coach purchased the subject electrical transfer switch from TRC under a purchase contract. Amway Distributors, 323 F.3d at 390.

### III. Conclusion

Third party defendant TRC's motion for partial summary judgment is hereby GRANTED, IN PART, as to Country Coach's third party claims of statutory and common law contribution, liability under the MMWA, and revocation of acceptance. Country Coach's third party claims of common law contribution as alleged in Count II, liability under the MMWA as alleged in Count V, and revocation of acceptance as alleged in Count VI, are hereby DISMISSED with prejudice. Country Coach's third party claim for statutory contribution as alleged in Count II is hereby DISMISSED without prejudice, and Country Coach is hereby GRANTED leave to file a notice of non-party fault under M.C.R. 2.112(K). Plaintiff is hereby GRANTED leave to file an amended complaint adding direct claims against TRC within 14 days of being served with Country Coach's notice of non-party fault under M.C.R. 2.112(K). TRC's motion for partial summary judgment as to Country Coach's third party claim of breach of implied warranty is hereby denied pending further legal and

---

[2] "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose." M.C.L. § 440.2315.

factual development.

  SO ORDERED.

           s/George Caram Steeh
           GEORGE CARAM STEEH
           UNITED STATES DISTRICT JUDGE

Dated: March 13, 2006

       CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 13, 2006, by electronic and/or ordinary mail.

           s/Josephine Chaffee
           Secretary/Deputy Clerk