UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES J. FARLEY,

Plaintiff, Case No. 05-71623

v. Magistrate Judge R. Steven Whalen

COUNTRY COACH, INC.,
an Oregon Corporation, and
TECHNOLOGY RESEARCH
CORPORATION,
a Florida Corporation,

Defendants.
_______________________________________ /

**OPINION AND ORDER DENYING MOTION TO DISMISS**

Before the Court is Defendant Country Coach's Motion to Dismiss for Lack of Jurisdiction [Docket #150]. Defendant claims that the Plaintiff has not met the jurisdictional amount of $50,000.00 in damages, as required by the Magnuson-Moss Warranty Act (MMWA).

Defendant raised the same issue before trial, relying on *Golden v. Gorno Bros., Inc.*, 410 F.3d 879 (6th Cir. 2005). On March 23, 2007, this Court denied the motion to dismiss. *See* Docket #122. Defendant now renews the motion based on a recent Sixth Circuit case, *Harnden v. Jayco, Inc.*, 496 F.3d 579 (6th Cir. 2007), arguing that *Harnden* clarifies *Golden*.

However, an even more recent case, *Schultz v. General R.V. Center*, 512 F.3d 754 (6th

Cir. 2008), refutes Defendant's argument for dismissal.[1] *Schultz* held that in a MMWA case, the "legal certainty" test "applies with full force and effect in the context of MMWA's amount in controversy requirement," and that to obtain dismissal, "Defendants must demonstrate to a legal certainty that Plaintiffs would be unable to recover at least $50,000 were they to succeed on their claims against Defendants." *Id.*, 512 F.3d at 756-57. The Court then reviewed *Golden* and the Seventh Circuit's decision in *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402 (7th Cir. 2004), stating the formula for determining the amount in controversy as "the difference between the value of the allegedly defective vehicle and the price of a replacement vehicle, less the value of any use Plaintiffs obtained from the allegedly defective vehicle."

*Schultz* noted that in *Golden*, the pre-tax purchase price of the replacement vehicle, without finance charges, was itself less than the $50,000 jurisdictional amount. Therefore, the defendants in *Golden*, unlike Defendant Country Coach, had clearly showed to a legal certainty that Plaintiffs could not meet the jurisdictional amount.

Furthermore, the court in *Schultz* soundly rejected the defendant's reliance on the N.A.D.A. Recreational Vehicle Appraiser's Guide to establish to a legal certainty that the plaintiffs could not meet the jurisdictional amount. In the present case, contrary to the

[1] Defendant's counsel is aware of this case, since he was also defense counsel in *Schultz*.

holding of *Schultz,* Defendant Country Coach also relies on the N.A.D.A. guide.[2] Also, the court in *Schultz* rejected the defendant's reliance on *Harnden,* stating, "Like *Golden*, and unlike *Harnden*, Plaintiffs here seek revocation of acceptance not cancellation of the contract or rescission." *Schultz*, 512 F.3d at 757, fn.1. The same reasoning applies to the present case.

Indeed, virtually every argument the Defendant raises in the present motion was rejected by the Sixth Circuit in *Schultz*.

The jury in this cases awarded damages in the amount of $191,784.00, well in excess of the jurisdictional limit. By separate opinion and order denying post-judgment motions for judgment as a matter of law and for remittitur, this Court found that award to be rational and reasonable, based on evidence presented at trial. Defendant has not shown to a legal certainty that Plaintiff would be unable to recover at least $50,000.00.

Accordingly, Defendant's Motion to Dismiss [Docket #150] is DENIED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 26, 2008

CERTIFICATE OF SERVICE

---

[2] Defendant did not attempt to introduce any evidence regarding N.A.D.A. values at trial.

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 26, 2008.

s/Gina Wilson
Judicial Assistant