UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES J. FARLEY,

                    Plaintiff,                    Case No. 05-71623

v.                                                Magistrate Judge R. Steven Whalen


COUNTRY COACH, INC.,
an Oregon Corporation, and
TECHNOLOGY RESEARCH
CORPORATION,
a Florida Corporation,

                    Defendants,
_____ /


## OPINION AND ORDER DENYING
## DEFENDANT TRC'S MOTION FOR ATTORNEY FEES AND COSTS

Before the Court is a motion for attorney fees and costs filed by Defendant

Technology Research Corporation ("TRC") [Docket #126]. Before trial, TRC filed an Offer

to Stipulate to Entry of Judgment in the amount of $15,000.00. Although the jury found co-

Defendant Country Coach, Inc. liable for breach of implied warranty of merchantability in

the amount of $191,784.00, the jury found no cause of action as to Defendant TRC, and on

March 23, 2007, the Court entered judgment in favor of TRC.

Defendant TRC now seeks attorney fees and costs pursuant to Fed.R.Civ.P. 68. That

Rule provides that more than 10 days before trial begins, a defendant may serve an offer of

judgment on an opposing party. If the offer is not accepted, Rule 68(d) provides as follows:

**"(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

However, the Supreme Court has clearly held that Rule 68(d) does not apply to judgments obtained by defendants; rather, a defendant may obtain attorney fees and costs only when the plaintiff obtains a judgment that is less favorable than the offer of judgment. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). In other words, if the jury in this case had awarded the Plaintiff $10,000.00 against TRC, then TRC could seek attorney fees under Rule 68(d). But since the jury awarded nothing, and judgment was entered in favor of Defendant TRC, there is no basis to award attorney fees.

In support of its position, Defendant TRC cites an unpublished order in *Peters v. AM General Corp.* (E.D. Mich. No. 05-72177). In *Peters*, the plaintiff did not respond to the defendant's Rule 68 motion, and the *Delta Air Lines* decision was never discussed or even cited in the court's order. An unpublished district court order that contains no analysis of the lead decision on Rule 68(d) cannot trump the Supreme Court decision that unequivocally sets forth the law. More to the point is *Danese v. City of Roseville*, 757 F.Supp. 827, 831 (E.D. Mich. 1991), where the court, though disagreeing with the reasoning of the majority opinion in *Delta Air Lines*, was constrained to follow it, concluding that "[p]ursuant to *Delta Air Lines*, defendants cannot recover costs under Rule 68 because judgment was entered in this case for defendants, not plaintiffs." *Id.*

For these reasons, Defendant TRC's motion for attorney fees and costs [Docket #126] is DENIED.

SO ORDERED.


S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  March 26, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 26, 2008.


S/Gina Wilson
Judicial Assistant