UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES J. FARLEY,

    Plaintiff,    Case No. 05-71623

v.    Magistrate Judge R. Steven Whalen

COUNTRY COACH, INC.,
an Oregon Corporation, and
TECHNOLOGY RESEARCH
CORPORATION,
a Florida Corporation,

    Defendants,
                /

## OPINION AND ORDER RE: ATTORNEY FEES

Before the Court is Plaintiff Charles Farley's Motion for Award of Attorney Fees, Costs and Pre-Judgment Interest [Docket #125]. Pursuant to E.D. Mich. L.R. 7.1(e)(2), this motion will be submitted and determined on the briefs without oral hearing.

### I. BACKGROUND

This case was brought under the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §2301, *et. seq.*, and involved two Defendants, Country Coach, Inc. ("Country Coach") and Technology Research Corporation ("TRC"). The case was tried before a jury. During trial, the Court dismissed a claim of breach of written warranty against TRC. The jury returned a verdict in favor of TRC on the claim of breach of implied warranty of merchantability; a

-1-

verdict in favor of Country Coach on Plaintiff's claim of breach of written, limited warranty; and a verdict in favor of Plaintiff and against Country Coach on the claim of breach of implied warranty of merchantability. The jury awarded damages to Plaintiff in the amount of $191,784.00 on the latter claim. Plaintiff's counsel has submitted a bill of costs for attorney fees in the amount of $214,617.98, representing 1,118.57 billable hours. Plaintiff also seeks costs in the amount of $6,738.02.

## II. LEGAL PRINCIPLES

The Magnuson-Moss Warranty Act, specifically 15 U.S.C. §2310(d)(2), provides that a prevailing plaintiff :

> may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

Attorney fees awarded under this section must be reasonable. As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a *reasonable* fee is the number of hours *reasonably* expended on the litigation multiplied by a *reasonable* hourly rate." (Emphasis added). In *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987), the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar'

approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors, including "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Disabled Patriots of America, Inc. v. Taylor Inn Enterprises, Inc.*, 424 F.Supp.2d 962, 965-66 (E.D. Mich. 2006), quoting *Doran v. Corte Madera Inn Best Western*, 360 F.Supp.2d 1057, 1061 (N.D. Cal. 2005); *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).

While a prevailing lawyer is deserving of a reasonable fee, he or she is not entitled to a windfall at the Defendant's expense. *See Coulter v. State of Tennessee, supra*, 805 F.2d at 149 ("Legislative history speaks of 'fees which are adequate to attract competent counsel, but which do not produce windfalls,'..and cautions against allowing the statute to be used as a 'relief fund for lawyers'")(internal citations to Congressional Record omitted). Ultimately, the decision whether and in what amount to award attorney fees is addressed to the court's discretion. 15 U.S.C. §2310(d)(2); *see Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir.

2005).

### III. DISCUSSION

### A. The Hourly Rate

In determining a reasonable hourly rate, "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th cir. 2004). However, the court retains broad discretion to determine what constitutes a reasonable hourly rate. *Id.; Wells v. New Cherokee Corp.*, 58 F.3d 233, 239 (6th Cir. 1995).

In this case, three lawyers claim hours for having worked on Plaintiff's case. Michael Stefani, lead trial counsel, has been licensed in Michigan since 1969, and seeks an hourly rate of $285.00. Brady Stefani, a principal in the firm of Stefani & Stefani, has been licensed in Michigan since 1996, and seeks an hourly rate of $165.00. Frank Rivers, an associate at Stefani & Stefani, has been licensed in Michigan since 2001, and seeks an hourly rate of $155.00.

In support of these rates, Plaintiff has attached to his motion as Exhibit 6 portions of a 2006 survey on the economics of law practice, published by Michigan Lawyers Weekly. The survey sets forth average hourly rates based on a number of categories, including years in practice, areas of practice and size of the law firm. In deciding whether the requested hourly rates are reasonable, I will consider the survey, the curriculum vitae that have been submitted, and my own observations as to the level of skill and legal acumen of the lawyers

in this case.

Attorney Michael Stefani has, without doubt, many years of experience in the practice of commercial litigation and police-related cases. However, he concedes that he has more limited experience in consumer litigation. The survey indicates that the median hourly rate for an attorney with over 35 years of practice experience is $200; for a law firm of two to three attorneys, $200; for a partner in a law firm of between two and seven partners, $203; for a specialist in corporate and business law, $225; and for a general practice attorney, $175. Based on my observations, his conduct of this trial was not such that I would place him in the higher percentile range of trial attorneys. Indeed, I agree with Defendant that this trial took two or three times longer than it should have, due primarily to Mr. Stefani's lack of organization and his apparent unfamiliarity with procedural and evidentiary rules. This may have been due in part to his relative lack of experience in consumer cases, but by no objective standard does he merit an hourly rate as high as $285 in this case. Indeed, in a similar MMWA case in this Court, *Leyva v. Coachman*, E.D. Mich. No. 04-40171, I allowed an hourly rate of $250 for one of the most experience consumer protection plaintiff's attorneys in the case. Nevertheless, Mr. Stefani has been practicing for a long time, and he did obtain a favorable result for his client. For purposes of this motion, I will therefore allow him an hourly rate of $200, which is roughly the average rate based on all of the above-mentioned parameters.

Brady Stefani was Plaintiff's co-counsel at trial, although he did not participate in

examination of witnesses or arguments to the jury. According to the time sheets, he was more involved in trial preparation and drafting of pleadings. Frank Rivers, an associate with Stefani & Stefani, performed legal research and drafted pleadings. Plaintiff's written product in this case was adequate, and based on the survey, the requested rates of between $155 and $165 per hour are reasonable. I will therefore, for purposes of this motion, set the hourly rate for both Brady Stefani and Frank Rivers at $160.

### B. Number of Hours Expended

Plaintiff's attorneys claim 1,118.57 billable hours in this relatively unremarkable MMVA case. While several words and phrases come to mind to describe this claim, "unreasonable" will suffice for purposes of this motion. An examination of the factors set forth in *Disabled Patriots of America, supra*, bears this out.

First, while the law regarding warranties and the U.C.C. is somewhat specialized, there was nothing about this particular case that made it any more difficult or complex than any other MMWA case. Concededly, the Defendant contested this case aggressively, and there was a high number of pretrial motions, including numerous motions in limine. However, while a fair amount of legal research may have been necessary, the amount claimed is clearly excessive, and much of the work appears to be either unnecessary or duplicative. For example, between March 9, 2005 and April 22, 2005, Brady Stefani claims a total of 44.5 hours (!) for researching U.C.C. and MMWA law, and drafting a rather standard, seven-page complaint. Between July 13, 2005 and July 26, 2005, he claims an

additional 8.25 hours for researching warranty law. He then claims 23.75 hours, between October 13 and October 25, 2005 for researching and writing a response to the Defendant's motion for summary judgment. That response [Docket #12] is six pages long, and cites no case law whatsoever.

Between May 18 and July 7, 2006, Brady Stefani claims an *additional* 39.75 hours expended in researching U.C.C., MMWA and state law warranty issues, and responding to Defendant's second summary judgment motion. Between July 12 and 14, 2006, he claims 14 more hours for research into legal authority with regard to the motion to reinstate a previously dismissed implied warranty claim. The brief that was filed [Docket #42] was well constructed,[1] but relied principally on only one case, *Pack v. Damon Corp.*, 434 F.3d 810 (6th Cir. 2006).

Not only do attorney Brady Stefani's claimed hours for legal research and analysis appear disproportionately high in relation to the complexity of the issues, but they also appear duplicative of time claimed by attorney Frank Rivers. For example, between June 26, 2006 and July 28, 2006, attorney Rivers claim 47.57 hours for researching MMWA and warranty issues (excluding the time for drafting pleadings) that attorney Brady Stefani already researched. Between January 9 and January 20, 2007, Mr. Rivers claims another 7.48 hours involved with these same basic issues. On February 12, 2007, he claims 2.56 hours for researching the elements of an implied warranty (wasn't this done before the complaint was

---

[1] According to the time sheets, the motion itself was drafted by Frank Rivers, not Mr. Stefani. *See* entries for 7-12-06 and 7-13-06.

filed?) and drafting a memo to Michael Stefani, and on February 22, 2007, he claims yet another three hours to research the "elements of implied warranty."

In short, the pretrial preparation time claimed by attorneys Brady Stefani and Frank Rivers is unreasonably overstated. In addition, lead attorney Michael Stefani's claimed hours are excessive. He claims 276.75 hours for trial preparation and conducting motion hearings and trial. Yet, the trial's glacial pace, as discussed above, was largely attributable to Mr. Stefani, and belies the level of preparation he claims. Again, this unremarkable case took at least twice as long to try as it should have. Moreover, Mr. Stefani had no expert witnesses, and conducted no extensive pretrial discovery. He offered only two witnesses, Mr. and Mrs. Farley. I find his claimed hours are overstated by at least a factor of two.

Thus, the time and labor required to litigate a case that, for the most part, is not particularly novel, is far short of what Plaintiff's attorneys claim in this case. Counsel has not shown that he or his law firm had to forego other employment to take this case, that the case was "undesirable," or that there were time limitations imposed by the client or his circumstances. In terms of attorney fee awards in similar cases, I note that in *Leyva v. Coachman*, *supra*, a very hard-fought MMWA case that went to trial, I recommended that the Plaintiff's attorneys be awarded $68,525,25 in attorney fees, less than one-third of the amount sought in this case.[2] Finally, counsel states that his fee in this case was only partially contingent, thereby lessening the risk to him of an adverse verdict.

---

[2] The total attorney time claimed in *Leyva* was 301 hours, which included post-judgment litigation. This is somewhat more than 25% of the hours claimed in this case.

I could go on, but where, as in the present case, there is a voluminous fee application or time sheet, in exercising its discretion in reducing the request, "the district court is not required to set forth an hour-by-hour analysis of the fee request. *See, e.g., Jacobs v. Mancuso,* 825 F.2d 559, 562 (1st Cir.1987); *In re 'Agent Orange' Product Liability Litigation,* 818 F.2d 226, 237-38 (2d Cir.1987) ('no item-by-item accounting of the hours disallowed is necessary or desirable'); *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.,* 776 F.2d 646, 657-58 (7th Cir.1985)." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 -1399 (9th Cir.1992). Rather, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." *Id*., 987 F.2d at 1398 (internal quotation marks omitted). *See also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (holding that "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'") (internal citations omitted); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 -1204 (10th Cir. 1986) (affirming a reduction in claimed fees by 77%, the court states, "There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour.").

To grant fees in the amount requested would not only be unreasonable, but would provide an undeserved windfall to counsel. Therefore, in the exercise of my discretion, I will reduce the claimed attorney hours as follows:

(1) Michael Stefani's hours will be reduced by 50%, i.e., his claim for 276.75 hours will be reduced to 138.38 hours. At a rate of $200 per hour, attorney fees for Michael Stefani will be granted in the amount of **$27,676.00**

(2) Attorneys Brady Stefani's and Frank Rivers' hours will be reduced by 66.6% (1/3), i.e. their claim for a total of 841.8 hours will be reduced to 280.3 hours. At a rate of $160 per hour, attorney fees for Brady Stefani and Frank Rivers will be granted in the amount of **$44,848.00**.

In addition, Plaintiff has filed responses to Defendant's post-verdict motions for JNOV and remittitur, filed after the present fee petition. Plaintiff is entitled to reasonable attorney fees for that work. The motions have been decided on the pleadings, without oral argument, and the Plaintiff's responses were presumably prepared by attorney Rivers or attorney Brady Stefani. Reviewing these motions, the Court finds that a reasonably competent attorney could research and prepare responses in 20 hours. At the rate of $160 per hour, Plaintiff will therefore be granted an additional **$3,200.00** for post-judgment litigation in this Court.

The total attorney fees awarded to Plaintiff will therefore be **$75,724.00**.

### C. Costs

The bulk of the claimed costs in this case consists of charges for Westlaw on-line research. Such charges are recoverable as costs if they are ordinarily billed to clients separately, as Plaintiff's counsel indicates in this case. *See, e.g., Trustees of Const. Industry*

*and Laborers Health and Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253, 1258-1259 (9th Cir.2006) (if ordinarily billed to clients separately, online research recoverable as part of attorney fees); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 369 F.3d 91, 98 (2d Cir.2004) ("If [the firm] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award."); *Invessys, Inc. v. McGraw-Hill Cos.,* 369 F.3d 16, 22 (1st Cir.2004) ("[C]omputer-assisted research should be ... reimbursed under attorney's fee statutes ... so long as the research cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its clients as a separate disbursement."). However, as with attorney fees, such costs must be reasonable.

In this case, Plaintiff claims $2,964.93 for on-line legal research. That amount is excessive. I recognize that Defendant Country Coach litigated this case very aggressively, filing numerous pretrial motions. However, as indicated above, much of the legal research claimed was either unnecessary or duplicative. I reduced the claimed attorney hours for attorney Brady Stefani and Frank Rivers by 2/3, and it is therefore appropriate to reduce the claim for Westlaw research by the same amount. Accordingly, Plaintiff will be granted **$988.31** in costs for legal research.

I also find that Plaintiff is entitled to costs for filing fees, deposition transcripts, photocopying, parking, and delivery services. Having reviewed the information submitted by Plaintiff, a reasonable total for these costs is **$1,748.32**. However, I decline to award the $1,000 in costs claimed for an expert witness fee. Plaintiff did not present any expert

witnesses, and has in no way substantiated that claim.

Accordingly, Plaintiff will be awarded a total of **$2,736.63** in costs.

### D. Interest

Plaintiff will also be awarded both pre-judgment and post-judgment interest.

The award of post-judgment interest is governed by 28 U.S.C. §1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Defendant does not dispute the issue of post-judgment interest, and Plaintiff is entitled to the same, at the rate set forth in §1961(a).

Because this case is based on federal question jurisdiction, the award of pre-judgment interest is addressed to the sound discretion of the trial court. *E.E.O.C. v. Wooster Brush Co. Employees Relief Assoc.*, 727 F.2d 566, 579 (6th Cir. 1984); *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir. 1982). In *Stroh Container Corp. v. Delphi Industries, Inc.*, 783 F.2d 743, 752 (8th Cir. 1986), the court stated that "prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable."[3]

Prejudgment interest in a federal case is also awarded to further the remedial goals of the particular federal statute under which the case is brought. *See Bricklayers' Pension Trust*

---

[3]In *Bricklayers' Pension Trust Fund, supra*, 671 F.2d at 989, the Sixth Circuit held that 28 U.S.C. §1961, which provides for post-judgment interest, "does not by its silence [on prejudgment interest] bar the awarding of prejudgment interest in cases whose jurisdiction is grounded in the resolution of a federal question."

*Fund, supra*, 671 F.2d at 989 ("[T]he Supreme Court...[has] directed [in *Rodgers v. United States*, 332 U.S. 371, 373 (1947)] that the decision to grant or deny prejudgment interest should hinge on whether to do so would further the congressional purposes underlying the obligations imposed by the statute in question."). The Magnuson-Moss Warranty Act is a remedial statute "designed to protect the purchasers of consumer goods from deceptive warranty practices." *Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 630 (7th Cir. 2001). An award of prejudgment interest in this case would further the remedial goals of the statute.

The rate of prejudgment interest is also discretionary with the court. *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071-72 (2nd Cir. 1995). The federal rate of interest set forth in 28 U.S.C. §1961(a) would be appropriate in this federal question case.[4] *Estate of Riddle ex.rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for award of attorney fees, costs and pre-judgment interest [Docket #125] is GRANTED IN PART, as follows:

Total Attorney Fees:     $75,724.00

Costs:                   $2,736.63

---

[4] §1961(a) provides that "interest shall be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

Total: $78,460.63

Further, Plaintiff is awarded pre-judgment and post-judgment interest, as set forth above.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 28, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 28, 2008.

S/Gina Wilson
Judicial Assistant